IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **FORWARD THINKING TRACKING, LLC,**<br><br>      *Plaintiff,*<br><br>      v.<br><br>**AIRISTA FLOW, INC. and EKAHAU INC.**<br><br>      *Defendants*. | Civil Action No. 2:16-cv-1141<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff Forward Thinking Tracking, LLC ("FTT" or "Plaintiff") makes the following allegations against Airista Flow, Inc. and Ekahau, Inc. ("Defendants" or "Airista").

## BACKGROUND

1. The need to find and track objects is an age-old problem, but one that has become critical in our networked, industrial world. In numerous industries, from warehousing to server farms to healthcare, the ability to quickly and precisely locate particular objects or persons is essential to an efficient and profitable venture. Without the ability to find and track objects or people quickly and easily, companies must waste valuable resources ensuring they receive accurate location information. Inventory can easily be lost or stolen without accurate tracking technology.

2. U.S. Patent No. 6,989,741 ("the '741 patent") teaches specific methods or systems for tracking objects. The '741 patent discloses novel interactions between an electronic tag and base stations that employ both low and high radio frequencies and triangulation to precisely locate objects.

3. At the time the inventions disclosed in the '741 patent were conceived, assets were often tracked, if at all, using optical scanners and bar codes. Optical tags benefited from simplicity, but have significant drawbacks. For instance, they need to be in plain view to be read and only one code can be read at a time. Bar codes are also read-only, and scanning codes on an object does little or nothing to assist with locating an object, especially in real-time.

4. Additionally, simple Radio Frequency Identification ("RFID") tags were used at this time to track objects. These tags could be activated when they passed through an "interrogator", reading the tags. But these too had significant limitations. For example, the range at which these tags could be read was often quite short. More problematically, to provide a precise location of an object, the tag had to pass through an interrogator. Thus, real-time locating of an object was still a difficult proposition.

5. In the early 2000s, Messrs. Kenny, Chawla, Pacsai, Szasz, Gilling, and Marquardt devised unique systems and methods for tracking objects. The inventors recognized that using frequencies of different lengths along with triangulation allowed an object to be located with more resolution than had otherwise been possible.

6. Companies, including the Defendant, adopted the inventions disclosed in the '741 patent.

**U.S. PATENT NO. 6,989,741**

7. Plaintiff is the owner by assignment of the '741 patent. The '741 patent is entitled "Object Tracking." The '741 patent issued on January 24, 2006, based on a patent application filed on August 7, 2002. A true and correct copy of the '741 patent is attached hereto as Exhibit A.

**PARTIES**

8. Plaintiff Forward Thinking Tracking, LLC is a limited liability company organized and existing under the laws of the State of Texas.

9. On information and belief, Defendant Airista Flow, Inc. is a Delaware corporation with its principal place of business at 913 Ridgebrook Road, Suite 110, Sparks, MD 21152 and

may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, Universal Registered Agents, Inc., 12 Timber Creek Lane, Newark, DE, 19711.

10. On information and belief, Defendant Ekahau, Inc. is a Delaware corporation with its principal place of business at 1851 Alexander Bell Drive, Ste. 105, Reston, VA, 20191 and may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

11. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over Defendants because, among other reasons, Defendant has established minimum contacts with the forum state of Texas. Defendant, directly and/or through third-party intermediaries, make, use, import, offer for sale, and/or sell products and/or offer services within the state of Texas, and particularly within the Eastern District of Texas. Thus, Defendants purposefully availed itself of the benefits of doing business in the State of Texas and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. On information and belief, Defendants provides the infringing products and/or services to clients based in the forum state of Texas, including without limitation Dell, Inc. and Cisco Systems.

13. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendant is subject to personal jurisdiction in this District, has transacted business in this district and has committed acts of patent infringement in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,989,741

14. FTT references and incorporates by reference paragraphs 1 through 13 of this

Complaint.

15. Defendant makes, uses, sells, and/or offers for sale in the United States products and/or services for locating objects. Specifically, on information and belief, Airista recently purchased the Real Time Location System ("RTLS") division of Defendant Ekahau, Inc. ("Ekahau").

16. Ekahau's RTLS system includes a number of electronic tags, including for example the A5 asset tag, A4 and A4+ asset tags, W4 tag, B4 tag, among others. These tags each have unique IDs, which can be associated with objects to which the tags are attached. The tags are capable of interacting with, for example, low frequency (e.g. infrared or IR), and high frequency (e.g. WiFi or 2.4 GHz) signals, including signals from Ekahau's Location Beacons and other devices. The tags are full duplex 2-way communication devices.

17. On information and belief, Defendants have directly infringed and continues to infringe the '741 patent by, among other things, making, using, offering for sale, and/or selling the Ekahau RTLS system. Defendants have infringed at least claims 4, 5, 6, 8, 9, 12, 13, 14, 16, 17, and 18.

18. By making, using, offering for sale, and/or selling location tracking systems infringing the '741 patent, Defendants have injured FTT and are liable to FTT for direct infringement of the '741 patent pursuant to 35 U.S.C. § 271(a).

19. On information and belief, Airista also indirectly infringe the '741 patent by actively inducing infringement under 35 U.S.C. § 271(b), at least as of the date of service of this Complaint.

20. On information and belief, Airista had knowledge of the '741 patent since at least service of this Complaint or shortly thereafter, and on information and belief, Airista knew of the '741 patent and knew of its infringement, including by way of this lawsuit.

21. On information and belief, Airista intended to induce patent infringement by third-party customers and users of the Ekahau RTLS System and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing

acts would cause infringement. Airista specifically intended and were aware that the normal and customary use of the accused products would infringe the '741 patent. Airista performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '741 patent and with the knowledge, that the induced acts would constitute infringement. For example, Airista provide the Ekahau RTLS System that has the capability of operating in a manner that infringe one or more of the claims of the '741 patent, including at least claims 4, 5, 6, 8, and 9, and Defendants further provide documentation and training materials that cause customers and end users of the Ekahau RTLS System to utilize the system in a manner that directly infringe one or more claims of the '741 patent. By providing instruction and training to customers and end-users on how to use the Ekahau RTLS System in a manner that directly infringes one or more claims of the '741 patent, including at least claims 4, 5, 6, 8, 9, 12, 13, 14, 16, 17, and 18, Airista specifically intended to induce infringement of the '741 patent. On information and belief, Airista engaged in such inducement to promote the sales of the Ekahau RTLS System, *e.g.,* through product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '741 patent.[1] Accordingly, Defendants have induced and continues to induce users of the accused product to use the accused product in its ordinary and customary way to infringe the '741 patent, knowing that such use constitutes infringement of the '741 patent.

---

[1] *The RTLS Guide* (last visited June 2016) available at: http://www.ekahau.com/userData/ekahau/ebook/01/index.html; *How Does Ekahau RTLS Work?* (last visited June 2016) available at: http://www.ekahau.com/real-time-location-system/technology/how-rtls-works#!how-it-works-0; *Top Myths and Facts about RTLS using Wi-Fi* (last visited June 2016) available at: http://www.ekahau.com/userData/ekahau/documents/white-papers/RTLS_myths_vs_facts_Ekahau_2013_letter.pdf; *Key Considerations for RTLS Adoption* (last visited June 2016) available at: http://www.ekahau.com/real-time-location-system/technology/how-rtls-works#!key-considerations-3; *Ekahau RTLS Wi-Fi Tags and Sensors* (last visited June 2016) available at: http://www.ekahau.com/userData/ekahau/documents/datasheets/Ekahau_RTLS_EkahauTags_DS.pdf; *Ekahau Wi-Fi RFID Tags, Badges, and Sensors* (last visited June 2016) available at: http://www.ekahau.com/real-time-location-system/technology/wi-fi-tags#!wi-fi-tags--badges-0; *Ekahau Demos and Case Study Videos* (last visited June 2016) available at: http://www.ekahau.com/real-time-location-system/demos-webinars; *Airista Flow Hardware*, available at https://www.airistaflow.com/hardware/

22. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '741 patent.

23. As a result of Defendants' infringement of the '741 patent, FTT has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief from this Court:

A. A judgment that Defendants have infringed one or more claims of the '741 patent;

B. An award of damages resulting from Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

C. A judgment and order requiring Defendants to provide accountings and to pay supplemental damages to FTT, including, without limitation, prejudgment and post-judgment interest; and

D. Any and all other relief to which FTT may show itself to be entitled.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, FTT requests a trial by jury of any issues so triable by right.

Dated: December 16, 2016                    Respectfully submitted,

/s/ Eric B. Hanson

Elizabeth L. DeRieux
TX Bar No. 05770585
D. Jeffrey Rambin
TX Bar No. 00791478
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-845-5770
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
Eric B. Hanson (CA SB No. 254570)
Berger & Hipskind LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 90067
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com
E-mail: ebh@bergerhipskind.com

*Attorneys for Forward Thinking Tracking, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this December 16, 2016 with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Eric B. Hanson
Eric B. Hanson